WATFORD, Circuit Judge,
concurring:
I join the court’s opinion, but I have doubts about whether we are reaching the right result.
A strong argument can be made that the Uniformed Services - Employment and Reemployment Rights Act of 1994 (USER-RA) contains a “contrary congressional command” overriding the Federal Arbitration Act’s pro-arbitration mandate. CompuCredit Corp. v. Greenwood, — U.S. -, 132 S.Ct. 665, 669, 181 L.Ed.2d 586 (2012). USERRA contains a provision that renders unenforceable any contract or agreement that “reduces, limits, or eliminates in any manner any right ... provided by this chapter.” 38 U.S.C. § 4302(b). *822 Kevin Ziober’s contract with his employer requires him to submit USERRA claims to final and binding arbitration. That contract certainly “limits”—and for all practical purposes “eliminates”—his right to.litigate those claims in court. So , the threshold question is whether USERRA confers on servicemembers the right to litigate US-ERRA claims in court.
The statute seems to confer such a right. Section 4323 authorizes servicemembers to “commence an action for relief’ against a private employer, and it says, as relevant here, “[i]n the case of an action against a private employer by a person, the district courts of the United States shall have jurisdiction of the action.” 38 U.S.C. § 4323(a)(3), (b)(3). I’m not sure what additional language would be necessary to create a right to bring an action in court. If USERRA confers the right to a judicial forum, then § 4302(b) arguably renders invalid any pre-dispute waiver of that right through an agreement to submit USERRA claims to arbitration.
Com/puCredM may seem controlling at first glance, but that case is not on all fours with this one. The statute at issue there, the Credit Repair Organizations Act, included a non-waiver provision that invalidated a consumer’s waiver of any of the rights conferred by the statute, but the Supreme Court held that the statute did not confer the right to bring an action in court. CompuCredit, 132 S.Ct. at 669-70. The other statutes to which the Court referred in CompuCredit—the Age Discrimination in Employment Act, the Racketeer Influenced and Corrupt Organizations Act, and the Clayton Act—all involved the reverse situation: Each statute conferred the right to bring an action in court, but each lacked a non-waiver provision. See id. at 670-71. USERRA is different because it contains both a non-waiver provision (§ 4302(b)) and a provision conferring the right to bring an action in court.
I concede, though, that the proper interpretation of § 4302(b) is open to debate. On the one hand, the Department of Labor, the agency charged with administering USERRA, has read § 4302(b) as including “a prohibition against the waiver in an arbitration agreement of an employee’s right to bring a USERRA suit in Federal court.” 70 Fed. Reg. 75246, 75257 (Dec. 19, 2005). That reading is consistent with a long line of authority holding that legislation benefitting servicemembers is to be liberally construed in their favor. See, e.g., Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 441, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011); Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 285, 66 S.Ct. 1105, 90 L.Ed. 1230 (1946). On the other hand, § 4302(b) is general in scope; it does not explicitly address waiver of the right to a judicial forum. So there is room to argue that Congress intended to preclude only the waiver of substantive rights conferred by the statute, not the waiver of procedural rights such as the right to bring an action in court. Nothing in the legislative history of USERRA definitively resolves this ambiguity.
With reasonable arguments to be made on both sides, I don’t think it’s prudent for us to create a circuit split by reversing the district court’s ruling, particularly given the ease with which Congress can fix this problem. If we and other circuits have misinterpreted the scope of § 4302(b), Congress can amend the statute to make clear that it does render pre-dispute agreements to arbitrate USERRA claims unenforceable. See Landis v. Pinnacle Eye Care, LLC, 537 F.3d 559, 565 (6th Cir. 2008) (Cole, J., concurring). Indeed, at least one amendment has been proposed recently that would do just that. See 162 Cong. Rec. S3205 (daily ed. May 25, 2016) *823 (proposed amendment 4180 to Senate Bill 2943). If we have erred by construing § 4302(b) too narrowly, Congress will surely let us know.